UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LESLIE R. VETTER** ) | |
| 870 3rd Avenue, South ) | |
| Tierra Verde, FL  33715 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** _____ |
| ) | |
| **AMERICAN AIRLINES, INC.** ) | |
| **PILOT LONG TERM DISABILITY PLAN** ) | |
| 4333 Amon Carter Blvd. ) | |
| Fort Worth, Texas 76155 ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

(ERISA; Claim for Disability Benefits;
Declaratory Relief; Injunctive Relief)

1. Plaintiff, **LESLIE R. VETTER**, at the time this cause of action accrued was an adult resident and citizen of Montgomery County, Maryland, who, at the time she became disabled as hereafter set forth, was employed with American Airlines, Inc. ("Employer"). The Employer is the Sponsor of the employee benefit plan more fully described below.

2. Defendant, **AMERICAN AIRLINES, INC. PILOT LONG TERM DISABILITY PLAN** (hereafter referred to as "Defendant" or "LTD Plan"), is, upon information and belief, an employee benefit plan established under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), having its principal place of business in the State of Texas. Upon further information and belief, at all times relevant herein, the LTD Plan was administered by the **PENSION BENEFITS ADMINISTRATIVE COMMITTEE** who acted as Plan Administrator and maintained its principal place of business in the State of Texas.

3. Defendant is a "fiduciary" within the meaning of 29 U.S.C. §1002(21)(A) of ERISA, and as such is required to administer the Plan solely for the benefit of participants and in accordance with the provisions of the governing plan documents. (29 U.S.C. §1104(a)(1)).

4. The LTD Plan established by the Defendant is an "employee benefit plan" as defined by 29 U.S.C. §1002(3) of ERISA.

5. Upon information and belief, the Plan is a self-funded employee benefit plan established pursuant to 29 U.S.C. §1102 of ERISA.

6. The Plaintiff brings this action under 29 U.S.C. § §1132(a)(1)(B) to recover employee benefits due to her under the terms of the Plan and to enforce her rights to recover such benefits under ERISA.

7. This Court has jurisdiction over the issues raised herein pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331 (Federal Question).

8. Venue is appropriate under 29 U.S.C. §1132(e)(2) in that the Plan can be found in the State of Maryland, provided long term disability coverage to Plaintiff while she was employed and resided in the State of Maryland, paid long term disability benefits to Plaintiff in the State of Maryland and wrongfully denied Plaintiff benefits to which she was entitled to receive in the State of Maryland.

**FACTUAL BASIS FOR RELIEF**

9. Plaintiff was employed as a First Officer for her Employer when she became ill in or around June 2011. She worked continuously for her Employer until January 2012 when due to an illness she was unable to carry out her employment duties and became disabled. At that time, Plaintiff ceased working due to her disability and used her accumulated sick/personal leave until

it was exhausted on or about February 21, 2012.

10. Through her work for her Employer, Plaintiff became eligible to participate in a number of employee benefit plans provided by her Employer, including a long term disability ("LTD") plan.

11. Prior to the date Plaintiff ceased working due to her disability, while Plaintiff was a participant in the Plan, Plaintiff sustained an "illness," as defined by the Plan, and began suffering from multiple physical symptoms which rendered her unable to perform the essential duties of her regular occupation. Plaintiff's disability was caused by her multiple medical conditions that resulted in multiple medical diagnoses by her treating physicians.

12. In or around February 2012, after using her accumulated sick leave, Plaintiff submitted a claim for LTD benefits which was denied by Defendant on or about July 31, 2012.

13. Plaintiff subsequently timely filed a timely administrative appeal of the denial of her LTD claim. While her administrative appeal was pending, Plaintiff was diagnosed as suffering from Lyme's disease. Defendant failed to fully consider Plaintiff's medical conditions, including Lyme's disease, and how such illnesses prevented Plaintiff from continuing to act as an Active Pilot Employee for her Employer. Plaintiff continues to suffer from Lyme's disease to date and such medical condition was subsequently acknowledged by her Employer and the Defendant when it granted her application for intermittent leaves of absence under the Family Medical Leave Act.

14. On or about August 12, 2013, the Plan Administrator upheld the prior determination that Plaintiff was not Disabled with the limited exception that Plaintiff was found to be Disabled and entitled to LTD benefits for the period May 3, 2012 through July 23, 2012.

Defendant paid LTD benefits for this limited period of time while Plaintiff resided in the State of Maryland.

15. The Plan provides that the Defendant will pay a monthly benefit when a participant is Disabled as the result of an injury or illness covered by the Plan.

16. Plaintiff has fulfilled each element for payment of a monthly benefit under the Plan.

17. Defendant has refused to pay all long term disability benefits due to Plaintiff under the terms of the Plan.

18. Plaintiff has met any and all conditions precedent to entitlement to disability benefits pursuant to the terms of the Plan and to obtaining an award of disability benefits.

19. Defendant abused its discretion in denying Plaintiff disability benefits due under the Plan, and acted arbitrarily and capriciously in interpreting the Plan.

## **TERMS OF THE PLAN**

20. The Plan defines "Disability" as follows:

> **"Disability"** or **"Disabled"** means an illness or injury, verified through a qualified medical authority in accordance with Section V of the Plan, which prevents a Pilot Employee from continuing to act as an Active Pilot Employee in the Service of the Employer, other than:
>
> (1) Fearing of flying syndrome, unless there is a preeminent psychiatric diagnosis; or
>
> (2) Chemical dependency showing no progress toward recovery after two (2) years; or
>
> (3) Any illness or injury which was intentionally self-inflicted or any attempted suicide; or
>
> (4) Any illness or injury which was contracted, suffered or incurred

4

        while the Pilot Employee was engaged in a criminal activity; or

    (5) Any illness or injury which was a result of war or any act of war, whether was is declared or not; or

    (6) Any illness or injury which arose during the period of an unpaid leave of absence (other than an Association leave) or Furlough which such Pilot Employee was absent from employment with the Employer; provided, however, that if a Pilot Employee had a Disability prior to beginning a Furlough and the Pilot Employee would have been recalled absent an illness or injury that would be considered a Disability, the Pilot Employee is deemed to have a Disability (if the illness or injury would otherwise qualify as such) from the date that the Pilot Employee would have been recalled.

21.    The Plan provides, in regards to Disability Benefit Eligibility, as follows:

Disability benefits replace a portion of a Pilot Employee's Compensation when unable to work as a result of a Disability. The existence of a Pilot Employee's Disability and eligibility for a Disability benefit shall be determined in accordance with the following provisions:

A. A Pilot Employee's Disability will be considered to have existed (and to continue to exist) only if the Pilot Employee has received and continues to receive qualified medical care consistent with the nature of the illness or injury that gives rise to such Disability;

B. A Pilot Employee's Disability will be considered to cease to exist if (1) health is restored so as not to prevent the Pilot Employee from acting as an Active Pilot Employee in the service of the Company, (2) verification of such Disability can no longer be established or (3) appropriate medical care is wantonly disregarded by such Pilot Employee;

C. Verification of a Pilot Employee's Disability shall be established by the corporate medical director of the Company (the "Corporate Medical Director") through claims procedures agreed to between the Company and the Association. Any Disability may be subject to re-verification, when appropriate, every ninety (90) days;

D. Any dispute as to the clinical validity of a Pilot Employee's claim of the existence of a Disability or the continuation of the illness or injury which gave rise to such Disability shall be referred to a clinical authority

selected under the Agreements, and the findings of such authority regarding the nature and extent of such illness or injury shall be final and binding upon the Company, the Association and the Pilot Employee and his Beneficiaries. The cost of referral of a dispute to a clinical authority pursuant to this paragraph, including the cost of all examinations or proceedings in connection therewith, shall be shared equally by the Company and the Association.

E. A Pilot Employee diagnosed as chemically dependent on or after the Effective Date,

(1) Shall be entitled to a lifetime maximum of up to eighteen (18) months of payments from the point in time the Pilot Employee is diagnosed as chemically dependent but not beyond his Normal Retirement Date,

(2) The payments shall be a combination of accrued sick time and and/or Disability benefits, provided, however, that only twelve (12) months of payments shall be made from the Plan and/or the Program,

(3) The eighteen (18) months of payments, while cumulative, are not necessarily consecutive, and may be broken for periods if the Pilot Employee returns to active status or does not apply for Disability benefits,

(4) The eighteen (18) months of payments shall be extended to pay the Pilot Employee any accrued sick time remaining at the end of the eighteen (18) months of payments,

(5) Any accrued vacation pay shall not be counted in the eighteen (18) months of payments, and

(6) If, at the end of the eighteen (18) months of payments, the Pilot Employee has not shown progress toward recovery as determined by the Corporate Medical Director, all Disability payments terminate.

The 12-month and 18-month limitations under this paragraph E shall include Disability payments for chemical dependency from both this Plan and the Program.

22. The Plan does not define the term "illness". Plaintiff had an illness as provided for under the Plan.

## COUNT ONE
### (Complaint To Recover Benefits Under ERISA Plan)

23. Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as if fully stated herein.

24. At all relevant times herein, during the period beginning on February 22, 2012, and continuing up to and including October 2013, Plaintiff has been "Disabled" as defined by the Plan.

25. The Plan states that benefits will begin after a claimant satisfies the waiting/elimination period and will continue until the claimant is no longer "Disabled" under the terms of the plan or the claimant reaches the maximum duration of the benefit.

26. Plaintiff is entitled to monthly benefits under the plan.

27. Due to the continuous and debilitating nature of Plaintiff's medical condition at all times between February 22, 2012 and October 2013, Plaintiff's illness prevented her from continuing to act as an Active Pilot Employee in the Service of her Employer.

28. Plaintiff was disabled at all times from February 22, 2012 through her return to work in October 2013.

29. As a direct and proximate result of Defendant's failure to properly pay LTD benefits owed to Plaintiff under the LTD Plan, Plaintiff has been denied payment of the full amount of disability benefits to which she is entitled under the terms of the plans.

30. The Defendant has failed to properly interpret and administer the provisions of the plan as required by 29 U.S.C. §1104.

31. The Defendant has failed to pay Plaintiff the full amount of benefits to which she is entitled under the LTD Plan.

32. At all times relevant herein, Defendant has acted under a conflict of interest and has placed its pecuniary interests before the interests of the Plaintiff in wrongfully denying Plaintiff's claims for disability benefits and in clear violation of the terms of the LTD Plan.

33. The above acts and/or omissions by the Defendant constitute a breach of its fiduciary duty to properly administer the Plan solely for the benefit of the participants and in accordance with the provisions of the governing plan documents as required by 29 U.S.C. §1104.

34. As a direct and proximate result of the Defendants' breach of its fiduciary duties owing to the Plaintiff pursuant to the provisions of the Plan, the Plaintiff has been denied the full amount of disability benefits to which she is entitled under the LTD Plan and has been caused to sustain economic hardship and damages on a continuing basis.

35. Plaintiff is entitled to recover the full amount of LTD benefits to which she is entitled to receive under the Plans and to an order enforcing the terms of the Plans pursuant to 29 U.S.C. §§1132(a)(1)(B) and (a)(3).

**WHEREFORE,** Plaintiff, **LESLIE R. VETTER**, demands judgment from and against the Defendant, **AMERICAN AIRLINES, INC. PILOT LONG TERM DISABILITY PLAN,** and requests the Court to:

(a) issue an injunction prohibiting American Airlines, Inc. Pilot Long

       Term Disability Plan from future breaches of its fiduciary duties under the terms of the Plan;

(b)   declare that Plaintiff is entitled to Long Term Disability Benefits provided to her under the Plan and continuing until such time as Plaintiff's disability resolved or all benefits payable to the Plaintiff under the Plans have been fully paid;

(c)   order the Defendant to make a full accounting of all Disability Benefits due to Plaintiff under the Plan, both past and future;

(d)   order the Defendant to pay all past benefits due to Plaintiff under the Plan;

(e)   order the Defendant to pay all future benefits due to Plaintiff under the Plans as such benefits became due and payable;

(f)   order the Defendant to pay pre-judgment interest on all benefits which are presently due and owing to the Plaintiff at the legal prevailing rate;

(g)   award post-judgment interest at the legal prevailing rate;

(h)   award the Plaintiff attorneys' fees and costs incurred in bringing this action, to be paid by the Defendant, pursuant to 29 U.S.C. § 1132(g)(1); and

(i)   award such further relief as this Court may deem just and proper.

       Respectfully submitted,

       **MCCHESNEY & DALE, P.C.**

       By:    /s/
           Charles F. Fuller (Bar (#05557)
           4000 Mitchellville Road
           Suite 222
           Bowie, MD 20716
           Telephone: (301) 805-6080
           Fax: (301) 805-6086
           chuck@dalelaw.com
           *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing Complaint was mailed, first class, postage prepaid, this 10th day of August, 2016, to:

The Honorable Thomas E. Perez,
Secretary of Labor
U.S. Department of Labor
200 Constitution Ave., NW
Washington, DC 20210

The Honorable Jacob J. Lew,
Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

                                          _____/s/_____
                                          Charles F. Fuller